Filed 8/24/10          NO. 4-10-0124

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from
          Plaintiff-Appellee,           )    Circuit Court of
          v.                            )    Champaign County
DESMOND TURNER,                         )    No. 09CF1654
          Defendant-Appellant.          )
                                        )    Honorable
                                        )    Thomas J. Difanis,
                                        )    Judge Presiding.

_____

JUSTICE KNECHT delivered the opinion of the court:

This appeal comes to us on the motion of defendant's counsel, the office of the State Appellate Defender (OSAD), for remand for strict compliance with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)).

I. BACKGROUND

In September 2009, the State charged defendant, Desmond Turner, with three counts of aggravated battery committed September 22, 2009, against a teacher's assistant (count I), the school principal (count II), and a teacher at his school (count III), all Class 3 felonies, based on an incident on the school grounds wherein the three school employees attempted to break up an altercation between defendant and another student.

On November 29, 2009, defendant was admonished and entered an open plea of guilty to count II (720 ILCS 5/12-4(b)(3) (West 2008)), involving the school principal, and the State agreed to dismiss the remaining two counts. The factual basis

for the plea was as follows:

"Judge, in this case if called to testify witnesses would include the named victim, Mr. McFarling, as well as other school employees. They would testify that on September 22, 2009, shortly before 2:00 o'clock in the afternoon they were present at Pathways School located at 200 South Frederick in Rantoul. At that time this defendant and a minor student got into an argument during PE class. The victims attempted to separate the parties. At one point they had the parties separated but the Defendant pushed through a set of doors to continue the fight with the other student. All three victims then got between the Defendant and the other student, tried to keep them apart. The defendant pushed and shoved all three victims until they got him wrestled to the ground. They held him there until police arrived."

The court accepted defendant's plea and entered judgment on count II.

On January 29 2010, the trial court sentenced defendant, having turned 18 on January 8, 2010, after summarizing

the background of defendant in cases from Peoria County:

"The Defendant, starting with [No.] 03-JD-296, in Peoria County, in 03-JD-404, two separate aggravated[-]battery petitions, was ordered to serve a sentence of probation, complete mental[-]health and anger[-]management counseling and attend school. Petitions to revoke were filed alleging new offense of aggravated battery. He admitted to the allegations, and again, [15] months of probation, mental[-]health counseling. Then in [No.] 05-JD-376, another aggravated[-]battery petition was filed. Same sentence of probation. Same order for anger management. Criminal damage in [No.] 05-JD-408. Was adjudicated on the same date, with the same directions.

Then in [No.] 08-JD-82, again, aggravated battery, school employee. Attend school, complete anger[-]management counseling, get substance[-]abuse evaluation. And now, we have this offense, involving more school employees.

The Defendant has been given numerous opportunities to hopefully deal with his

anger issues. ***

　　The bottom line is, the Court has to make a determination as to whether or not the Defendant needs to be incarcerated because he's dangerous. He is literally a walking time bomb and nothing that has been tried through the Juvenile Court Act has deterred him at all."

The court sentenced defendant to a 5-year prison term with credit for 64 days as time served and dismissed the remaining counts.

　　On February 1, 2010, defense counsel filed a motion to reconsider sentence. The record on appeal contains an undated, un-file-stamped Rule 604(d) certificate immediately preceding the motion to reconsider, stating as follows:

　　"I, George Vargas, Senior Assistant Public Defender, appointed counsel for defendant, pursuant to Supreme Court Rule 604(d), hereby certify that I have consulted with the defendant in person to ascertain defendant's contentions of error in the sentence; have examined the court file and the report of proceedings."

At hearing on February 9, 2010, the trial judge stated:

　　"The Appellate Court literally requires that the I's be dotted, the T's crossed, and

- 4 -

the 604(d) certificate, the Rule says you have examined the trial court file and report of proceedings with the guilty plea. You've got that. And you've made any amendments to the motion necessary for adequate presentation of any defects in those motions. This motion was filed by you, and it wasn't a pro se motion by the defendant; is that correct?

[DEFENSE COUNSEL]: Correct, Judge.

THE COURT: I'm going to take a chance and assume that this will pass muster then by the Appellate Court."

The docket entries do not show when defense counsel presented the certificate, although it is mentioned in the court's February 9 hearing entry. Defendant appealed, and the court appointed OSAD to represent defendant on appeal the same day.

## II. ANALYSIS

OSAD has filed a motion for remand, contending defendant's counsel failed to file a certificate strictly complying with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). The transcript of the guilty-plea hearing shows it was prepared and dated by the court reporter on February 8, 2010, while the motion to reconsider was filed February 1, 2010, and the hearing on the motion was held February 9. Rule 604(d) provides as

- 5 -

follows:

"(d) Appeal by Defendant From a Judgment
Entered Upon a Plea of Guilty.  ***  The
defendant's attorney shall file with the
trial court a certificate stating that the
attorney [(1)] has consulted with the
defendant either by mail or in person to
ascertain defendant's contentions of error in
[(a)] the sentence or [(b)] the entry of the
plea of guilty[,] [(2)] has examined the
[(a)] trial court file and [(b)] report of
proceedings of the plea of guilty[,] and
[(3)] has made any amendments to the motion
necessary for adequate presentation of any
defects in those proceedings.  ***  Upon
appeal any issue not raised by the defendant
in a motion to reconsider the sentence or
withdraw the plea of guilty and vacate the
judgment shall be deemed waived."  210 Ill.
2d R. 604(d).

OSAD quotes People v. Hopkins, 256 Ill. App. 3d 203, 205, 629
N.E.2d 780, 782 (1994), wherein this court rejected "any
suggestion that examination of the report of proceedings from the
plea of guilty is useless or irrelevant to matters which occur at
sentencing."  OSAD states because counsel filed the motion before

reviewing the report of proceedings of the plea of guilty, counsel was required to certify he made any amendments to the motion necessary for adequate presentation of any defects in the proceedings, as "[w]ithout counsel's certification there is no assurance that any errors which occurred during the guilty[-]plea proceedings were incorporated into [defendant's] motion to reconsider sentence. See People v. Prather, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 ([4th Dist.] 2008) (noting the [Rule] 604(d) compliance cannot be presumed)." OSAD further asserts:

> "By omitting this affirmation, counsel's certificate also fails to strictly comply with the requirements of Supreme Court Rule 604(d). People v. Dismuke, 355 Ill. App. 3d 606, 609, 823 N.E.2d 1131, 1134 ([2d Dist.] 2005) (['] Rule 604(d) sets forth the duties of a defense counsel and provides a simple, straightforward, and mandatory procedure designed to insure that those duties are performed[']); People v. Cloyd, 397 Ill. App. 3d 1084, [1089, ___ N.E.2d ___, ___] ([4th Dist.] 2010) (finding attorney's certificate insufficient for failing to certify that he had reviewed the report of proceedings of the plea of guilty even though counsel was present for the hearing)."

OSAD claims defendant is entitled to remand for the filing of a new postplea motion under the controlling precedent of People v. Janes, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994). See also Prather, 379 Ill. App. 3d at 769, 887 N.E.2d at 47-48. The State concedes error, quoting the certificate requirements this court stated in People v. Grice, 371 Ill. App. 3d 813, 817, 867 N.E.2d 1143, 1146-47 (2007), and we agree.

The record suggests defense counsel had not read the report of proceedings when he filed the the motion to reconsider on February 1, as the court reporter did not certify it until February 8. The record does not show precisely when defense counsel prepared the purported Rule 604(d) certificate. We again emphasize the following: (1) supreme court rules are meant to be followed, as written, and are not mere suggestions or guidelines from which deviations may be made; (2) postplea motions have real consequences for each guilty-plea defendant as the rule expressly provides any issue not included in the postplea motion is forfeited; and (3) the rule requirements are there to ensure the best chance defense counsel will note and include any issue in reviewing the transcripts of the hearings, so as not to rely on memory alone or lesser records. In Grice, this court stated it will not examine the record to determine whether defense counsel's conduct satisfied the rule's requirements but will look to the certificate itself. Grice, 371 Ill. App. 3d at 816, 867 N.E.2d at 1146. We hold because the record shows counsel filed

his motion before reviewing the report of proceedings of the plea of guilty, counsel was required to certify he made any amendments to the motion necessary for adequate presentation of any defects in the proceedings.

### III. CONCLUSION

Accordingly, we grant OSAD's motion and remand the cause for the appointment of counsel, the filing of a new motion to reconsider sentence, a new hearing on the motion, and strict compliance with Rule 604(d) in the filing of any future certificates under the rule.

Remanded with directions.

POPE and McCULLOUGH, JJ., concur.