# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Little*, 2011 IL App (4th) 090787

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCUS D. LITTLE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4–09–0787 |
| Filed | June 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's convictions for aggravated driving under the influence of alcohol and driving while his license was revoked based on his guilty pleas, the appellate court rejected his contentions that his trial counsel could not have complied with the requirements of Supreme Court Rule 604(d) before filing the certificate and that his sentences were excessive, since the preparation of the transcripts and the certification by the court reporter need not occur at the same time and the mere fact that the court reporter did not certify the guilty-plea proceedings until after defendant's counsel filed his certificate did not mean that defendant's counsel could not have reviewed the transcripts of the guilty-plea proceedings and the sentencing hearing before filing his certificate, and based on defendant's record, any claim that his sentences were excessive was without merit. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 08–CF–637; the Hon. John W. Belz, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Amber Gray, all of State Appellate Defender's Office, of Springfield, for appellant.

John Milhiser, State's Attorney, of Springfield (Patrick Delfino, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Presiding Justice Knecht and Justice Appleton concurred in the judgment and opinion.

## OPINION

¶ 1    In April 2009, defendant, Marcus D. Little, pleaded guilty to aggravated driving under the influence of alcohol (aggravated DUI) (625 ILCS 5/11–501(d)(1)(K) (West 2008)) (count I) and driving while license revoked (625 ILCS 5/6–303(a) (West Supp. 2007)) (count III). The trial court later sentenced defendant to concurrent prison sentences of six years on count I and four years on count III.

¶ 2    In August 2009, defendant filed a motion to reconsider sentence, arguing that his sentences were excessive. Following an October 2009 hearing, the trial court denied defendant's motion. That same day, defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006).

¶ 3    Defendant appeals, arguing that (1) this case should be remanded to the trial court because the record suggests that defense counsel could not have complied with the requirements of Rule 604(d) before filing the certificate and (2), alternatively, in light of defendant's mental and physical condition and his "substance abuse issues," the court abused its discretion by imposing excessive sentences. For the reasons that follow, we reject both of defendant's arguments and affirm.

¶ 4                              I. BACKGROUND

¶ 5    In July 2008, the State charged defendant with eight traffic offenses. In April 2009, defendant pleaded guilty to count I (aggravated DUI), a Class 2 felony, and to count III (driving while license revoked), a Class 3 felony. In exchange for defendant's guilty pleas, the State agreed to dismiss the other six counts. However, the parties had no agreement with regard to sentencing.

¶ 6    Following an August 2009 sentencing hearing, the trial court sentenced defendant to

concurrent prison sentences of six years on count I and four years on count III.

¶ 7 The day after the sentencing hearing, defense counsel filed a motion to reconsider sentence, arguing, in part, that defendant's sentences were excessive and an abuse of discretion. In October 2009, the trial court conducted a hearing on that motion and denied it. Immediately prior to that hearing, defense counsel filed his Rule 604(d) certificate.

¶ 8 This appeal followed.

¶ 9                                      II. ANALYSIS

¶ 10        A. Defendant's Claim That the Record Suggests Defense Counsel Could Not
                  Have Complied With Rule 604(d) When He Filed His Certificate

¶ 11 The day after defendant's August 2009 sentencing hearing, defense counsel filed a motion to reconsider sentence. Then, immediately before the hearing on that motion on October 14, 2009, defense counsel filed his Rule 604(d) certificate and informed the trial court at that hearing, as follows:

> "I would note that today I filed my *** attorney certificate pursuant to *** Rule 604(d) after having reviewed the transcript of the guilty plea hearing and the sentencing hearing, consulted with my client by mail and in person ***."

¶ 12 Interestingly, defendant does not challenge the adequacy of counsel's certificate, nor should he, because the certificate complies fully with Rule 604(d). The certificate states that counsel (1) consulted with defendant, both in person and by mail, to ascertain his contentions of error regarding his sentence; (2) examined the trial court file and report of proceedings of defendant's guilty-plea and sentencing hearings; and (3) made amendments to the motion necessary for adequate presentation of any defects in those proceedings.

¶ 13 Instead, defendant contends as follows:

> "The record suggests defense counsel would have been unable to read the report of the guilty plea proceedings prior to filing either the motion to reconsider sentence or his 604(d) certificate because the court reporter did not certify the guilty plea proceedings until December 15, 2009."

We are unpersuaded.

¶ 14 The fundamental problem with defendant's argument is that he equates the *preparation* of the transcripts of the guilty-plea proceedings and sentencing hearing with the court reporter's *certification* of those proceedings. The record here shows that the court reporter filed her certificate on December 15, 2009. However, no reason exists to equate these two actions.

¶ 15 Supreme Court Rule 608 (eff. Dec. 13, 2005), which pertains to the record on appeal, states when the transcript of proceedings should be filed. Rule 608(b) provides that the report of proceedings regarding trial court hearings "shall be certified by the court reporting personnel *** and shall be filed in the trial court within 49 days after the filing of the notice of appeal." Ill. S. Ct. R. 608(b) (eff. Dec. 13, 2005).

¶ 16 The State argues that "the date the court reporter certified the transcripts in preparation

of the record on appeal is not evidence of the first date a defense attorney could have reviewed the transcripts." We agree. We further agree with the State that the date of the court reporter's certification in this case, December 15, 2009, does not undermine defense counsel's Rule 604(d) certificate, which he filed on October 14, 2009.

¶ 17 In support of this conclusion, we note that Rule 608 concerns the preparation–and the content–of the record on appeal. Yet, no need exists to prepare a record on appeal until a notice of appeal has been filed, which of course occurs only "within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Mar. 20, 2009). On the other hand, Rule 604(d) strongly implies that defense counsel's certificate should be filed with the trial court no later than the hearing on defendant's motion to reconsider sentence. (Indeed, in *People v. Grice*, 371 Ill. App. 3d 813, 816, 867 N.E.2d 1143, 1146 (2007), we urged trial courts to screen purported Rule 604(d) certificates and to reject those that failed to comply with the rule. Obviously, a court may do so only if counsel has filed that certificate no later than the hearing on the motion to reconsider sentence.) We mention the timing of the applicability of Rule 608 to show that a court reporter's certification of the transcript of proceedings pursuant to that rule does not fit into an analysis of whether defense counsel could have examined such a transcript, as stated in counsel's Rule 604(d) certificate.

¶ 18 In support of defendant's argument, he cites *People v. Holford*, 233 Ill. App. 3d 12, 598 N.E.2d 420 (1992), *People v. Hayes*, 195 Ill. App. 3d 957, 553 N.E.2d 30 (1990), and *People v. Turner*, 403 Ill. App. 3d 753, 936 N.E.2d 700 (2010). However, all of these cases are inapposite because they all contained some indication that–contrary to the representations contained in defense counsel's Rule 604(d) certificate–the record counsel said he had reviewed had not yet been prepared. However, as we have earlier concluded, the date the court reporter *certifies* a report of proceedings pursuant to Rule 608(b) has nothing to do with the date the transcript of proceedings was *prepared*.

¶ 19 B. Defendant's Excessive-Sentence Claim

¶ 20 Defendant next argues that his concurrent prison sentences of six and four years are excessive. Specifically, defendant contends that the trial court, by imposing a sentence just under the maximum possible term for each conviction, failed to give appropriate weight to defendant's mental and physical conditions and his "substance abuse issues." Defendant further contends that the court erred by focusing almost exclusively on his criminal history and the need to deter others. We disagree.

¶ 21 1. *The Standard of Review*

¶ 22 "[T]he range of sentences permissible for a particular offense is set by statute." *People v. Fern*, 189 Ill. 2d 48, 55, 723 N.E.2d 207, 210 (1999). "Within that statutory range, the trial court is charged with fashioning a sentence based upon the particular circumstances of the individual case, including the nature of the offense and the character of the defendant." *Fern*, 189 Ill. 2d at 55, 723 N.E.2d at 210. " '[A] sentence within statutory limits will not be

deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *People v. Romero*, 387 Ill. App. 3d 954, 978, 901 N.E.2d 399, 419-20 (2008) (quoting *Fern*, 189 Ill. 2d at 54, 723 N.E.2d at 210).

¶ 23 Defendant was convicted of aggravated DUI, a Class 2 felony, which means the range for a prison sentence was not less than three years and not more than seven years. 730 ILCS 5/5–8–1(a)(5) (West 2008). He was also convicted of driving while license revoked, a Class 3 felony, which means the range for a prison sentence was not less than two years and not more than five years. 730 ILCS 5/5–8–1(a)(6) (West 2008).

¶ 24 A reviewing court must afford great deference to the trial court's judgment regarding sentencing because that court, having observed the defendant and the proceedings, is in a far better position to consider such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, and habits than a reviewing court, which must rely on a "cold" record. *Romero*, 387 Ill. App. 3d at 978, 901 N.E.2d at 420. "Thus, '[i]n considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently' [citation], and it may not reduce a defendant's sentence unless the sentence constitutes an abuse of the trial court's discretion [citation]." *Romero*, 387 Ill. App. 3d at 978, 901 N.E.2d at 420 (quoting *Fern*, 189 Ill. 2d at 53, 723 N.E.2d at 209).

¶ 25                    2. *Defendant's Sentences Were Not Excessive*

¶ 26 At the time of defendant's guilty plea, the prosecutor stated a factual basis that noted defendant was arrested after a state trooper stopped the vehicle defendant was driving in the City of Springfield. The trooper did so after he had to brake his vehicle to avoid colliding with defendant's car as it drove across Jefferson Street perpendicular to the trooper's vehicle. Defendant admitted to the trooper that he had been drinking and his Breathalyzer test revealed a blood-alcohol content of 0.258.

¶ 27 Defendant, who was 28 years old at the time of the sentencing hearing, had a juvenile delinquency adjudication when he was 16 for robbery of a victim who was handicapped or 60 years of age or older. As part of juvenile probation for that offense, he was ordered to complete outpatient drug treatment.

¶ 28 Defendant's presentence investigation and report (PSI) showed that he had 11 prior convictions for driving on a revoked or suspended license. Defendant also had several convictions for less-serious traffic matters and several convictions for misdemeanor offenses, which often resulted in sentences of probation. Defendant also had one felony conviction (reckless discharge of a firearm), for which he was sentenced to three years in prison.

¶ 29 The PSI also showed that defendant was not employed although he told his probation officer that he was working in Rock Island selling vacuum cleaners. When the probation officer contacted the individual defendant named as his employer, he informed the probation officer that he was the manager of a vacuum cleaner business and had no record of the defendant working there.

¶ 30    At the sentencing hearing, the trial court carefully reviewed the detailed PSI, credited defendant with pleading guilty and accepting responsibility for his actions but noted nonetheless that defendant's history of criminality was extensive. The court also noted that defendant admitted to the probation officer that he used both cocaine and marijuana, leading the probation officer to refer defendant to obtain the services of the Treatment Alternatives for Safe Communities program (TASC) pending sentencing hearing. However, defendant failed to attend the TASC screening.

¶ 31    The trial court ultimately concluded that he had "little choice" on this record but to sentence defendant to prison for six years on the Class 2 felony of aggravated DUI and four years on the Class 3 felony of driving while license revoked. The court then ordered those sentences to run concurrently. On this record, we deem defendant's claim that the court abused its discretion and imposed excessive sentences to be without merit.

¶ 32                               III. CONCLUSION

¶ 33    For the reasons stated we affirm the trial court's judgment. As part of our judgment we grant the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 34    Affirmed.