NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180314-U

NO. 4-18-0314

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 31, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| DUNCAN ERIC JOHNSON, | ) | No. 16CF804 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment as no issue of arguable merit could be raised on appeal.

¶ 2    Defendant, Duncan Eric Johnson, appeals from his convictions and sentences for aggravated driving under the influence of alcohol and aggravated driving with a revoked or suspended license. On appeal, defendant's appointed counsel, the Office of the State Appellate Defender (OSAD), moves to withdraw on the grounds no issue of arguable merit can be raised. Defendant has filed a response which simply "disagrees" with OSAD's motion. The State has filed a response which agrees with OSAD's assessment of defendant's case. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4        In July 2016, a McLean County grand jury returned indictments against defendant charging him with three counts of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a), (d)(2)(C), (d)(1)(G) (West 2014)) (counts I through III) and one count of aggravated driving with a revoked or suspended license (625 ILCS 5/6-303(a), (d-3) (West 2014)) (count IV). The charges stemmed from a traffic stop occurring on June 12, 2016.

¶ 5        At a September 2017 hearing, defendant's appointed trial counsel tendered to the trial court a written jury waiver signed by defendant. The court admonished defendant about his right to a jury and the consequences of waiving that right. Defendant indicated he understood. The court accepted defendant's waiver, finding it to be knowingly and voluntarily made.

¶ 6        At another hearing that same month, defendant's trial counsel informed the trial court that defendant desired to represent himself. The court engaged in a lengthy colloquy with defendant about his age, education, mental health, and prior involvement in the legal system. The court explained the charges and the possible penalties as well as the disadvantages of representing oneself. Defendant persisted in his desire to represent himself. The court accepted defendant's waiver of counsel. At various points throughout the proceedings that followed, defendant, upon examination of the court, declined the reappointment of counsel.

¶ 7        In October 2017, defendant filed several pretrial motions: (1) a motion to dismiss because of the "GRAND JURY CLAUSE" and "CONSTITUTIONAL LAW"; (2) a motion to suppress the traffic ticket because there was no corroboration; (3) a motion to suppress an audio and video recording taken from the arresting officer's dashboard camera and shoulder microphone because its admissibility was questionable and prejudicial; and (4) a motion to suppress the results

from a breath test because there was no corroboration to prove the test was conducted or conducted properly.

¶ 8　　　　In November 2017, the trial court held a hearing on defendant's motions. With respect to his motion to dismiss, defendant argued dismissal was warranted as the grand jury did not return an indictment on the alleged traffic offense which resulted in his vehicle being stopped. The court denied defendant's motion, finding no indictment was needed for a petty traffic offense. As to defendant's motions to suppress, the court heard testimony from the arresting officer, Illinois State Police Trooper Eric Fricke, and received an audio and video recording taken the night of defendant's arrest. Trooper Fricke testified he conducted the traffic stop of defendant's vehicle after observing a front headlight was not functioning. The recording taken from the night of defendant's arrest includes audio where defendant states to Fricke that sometimes he had to "bump" the headlight to turn it on. Fricke also testified to the events occurring after defendant was arrested and while he was inside a police substation, including the fact defendant submitted to a breath test administered by Fricke. The recording taken from the night of defendant's arrest includes audio of the events occurring while defendant was inside the police substation but no video as the camera was mounted to Fricke's vehicle. Fricke confirmed the accuracy of the recording. Based on the evidence presented, defendant argued there was no basis to justify the traffic stop and therefore all evidence therefrom should be suppressed. Alternatively, defendant argued the portion of the recording containing the audio from when he was at the police substation, as well as the results from the breath test, should be suppressed because the recording did not contain video of him inside the substation. After taking the matter under advisement, the court issued a written order denying defendant's motions.

¶ 9        In February 2018, the trial court conducted a bench trial. Prior to commencing the trial, the State extended to defendant a final plea offer of the statutory minimum of three years' imprisonment on count I in exchange for the dismissal of all other charges. The court admonished defendant about the consequences of pleading guilty or rejecting the plea and going to trial, including the applicable sentencing ranges for each count. Defendant rejected the offer. At trial, the State introduced a certified Illinois driving abstract, which showed defendant had prior convictions for DUI and driving with a suspended or revoked license. The State also presented evidence showing the following. At 12:55 a.m. on June 12, 2016, Trooper Fricke saw a blue Honda driving northbound on I-55 with a front headlight not functioning. Fricke pulled the vehicle over and discovered the driver, defendant, did not have a valid driver's license. When speaking with defendant, Fricke smelled alcohol on defendant's breath and noticed defendant's eyes were glassy and red. Fricke administered several field sobriety tests, all of which defendant failed. Fricke arrested defendant and took him to a police substation. Once there, Fricke placed defendant under the requisite 20-minute observation period, after which he administered a breath test to defendant. The machine on which the breath test was administered was certified as accurate before and after defendant's test. The results from the breath test indicated defendant had a blood alcohol concentration (BAC) of 0.188. Based on this evidence, the trial court found defendant guilty of all charged offenses.

¶ 10        In April 2018, the trial court conducted a sentencing hearing. The court merged defendant's convictions on counts I and III with count II. The court received a presentence investigation report (PSI). Defendant denied knowledge of several offenses from Tennessee listed in the PSI. The State introduced defendant's certified Tennessee driving abstract, which cured the

court's concerns with defendant's denial. The State also introduced a certified copy of an Illinois DUI conviction for purposes of aggravation. Defendant called his daughter to testify, who stated the family would take care of and support defendant in getting treatment for his addiction. The State recommended defendant be sentenced to a total of seven years' imprisonment. In the oral pronouncement of its decision, the court indicated it reviewed the evidence and arguments presented as well as the statutory factors in aggravation and mitigation. The court sentenced defendant to four years' imprisonment on count II and two years' imprisonment on count IV, to be served concurrently.

¶ 11  This appeal followed.

¶ 12         II. ANALYSIS

¶ 13  In its motion to withdraw as counsel, OSAD contends it considered raising six issues but concluded each of those issues would be without arguable merit.

¶ 14       A. Sufficiency of the Evidence

¶ 15  OSAD asserts no reasonable argument could be made to challenge the sufficiency of the evidence to sustain defendant's convictions.

¶ 16  "Due process requires that to sustain a conviction of a criminal offense, the State must prove a defendant guilty beyond a reasonable doubt of the existence of every element of the offense." *People v. Lucas*, 231 Ill. 2d 169, 178, 897 N.E.2d 778, 784 (2008). When considering a challenge to the sufficiency of the evidence, a reviewing court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." (Internal quotation marks omitted.) *People v. Hardman*, 2017 IL 121453, ¶ 37, 104 N.E.3d 372.

¶ 17        To prove defendant guilty of aggravated DUI as charged in count II, the State had to prove defendant drove—or was in actual physical control of—a motor vehicle while his BAC was 0.08 or greater and that he was previously convicted of at least three other DUI offenses. 625 ILCS 5/11-501(a)(1), (d)(2)(C) (West 2014). To prove defendant guilty of aggravated driving with a revoked or suspended license as charged in count IV, the State had to prove defendant drove or was in actual physical control of a motor vehicle while his driver's license was revoked or suspended and that he was previously convicted of driving with a revoked or suspended license eight times. 625 ILCS 5/6-303(a), (d-3) (West 2014).

¶ 18        At trial, the evidence showed defendant was driving a motor vehicle without a valid license and while having a BAC greater than 0.08. The evidence also showed defendant had prior convictions for DUI and driving with a revoked or suspended license. We also note the State later introduced evidence of additional DUI convictions at sentencing. See *People v. Martin*, 2011 IL 109102, ¶ 14, 955 N.E.2d 1058 ("Section 11-501 sets forth the elements of a misdemeanor offense, then provides sentencing enhancements based upon the presence of other factors."). Based on the evidence presented, we agree with OSAD and find no reasonable argument could be made to challenge the sufficiency of the evidence to sustain defendant's convictions.

¶ 19                              B. Waiver of Counsel

¶ 20        OSAD asserts no reasonable argument could be made to challenge defendant's waiver of counsel.

¶ 21        Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) requires the trial court to ensure a criminal defendant understands the following before accepting a waiver of counsel: (1) the nature of the charges, (2) the possible penalties for the charges, and (3) the right to counsel.

"The purpose of Rule 401(a) is to ensure that a waiver of counsel is knowingly and intelligently made." *People v. Haynes*, 174 Ill. 2d 204, 241, 673 N.E.2d 318, 335 (1996). An effective waiver of counsel requires substantial compliance with the rule. *Id.* at 236.

¶ 22　　　　Here, the trial court discussed with defendant the nature of the charges, the possible penalties for the charges, and the right to counsel prior to accepting defendant's waiver of counsel. Given the court's colloquy with defendant, we agree with OSAD and find no reasonable argument could be made to challenge defendant's waiver of counsel.

¶ 23　　　　　　　　　　　　　C. Pretrial Motions

¶ 24　　　　OSAD asserts no reasonable argument could be made to challenge the trial court's ruling on defendant's pretrial motions.

¶ 25　　　　With respect to his motion to dismiss, defendant argued dismissal was warranted as the grand jury did not return an indictment on the alleged traffic offense which resulted in his vehicle being stopped. As the trial court concluded, no indictment was needed for a petty traffic offense. Rather, the grand jury was responsible for determining whether the evidence presented constituted probable cause that defendant had committed the alleged felony offenses. See 725 ILCS 5/112-4 (West 2014); *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 392, 604 N.E.2d 929, 935 (1992). Based on the argument presented, we agree with OSAD and find no reasonable argument could be made to challenge the trial court's ruling on defendant's motion to dismiss.

¶ 26　　　　As to his motions to suppress, defendant first argued there was no basis to justify the traffic stop and therefore all evidence therefrom should be suppressed. "When a police officer observes a driver commit a traffic violation, the officer is justified in briefly detaining the driver

to investigate the violation." *People v. Ramsey*, 362 Ill. App. 3d 610, 614, 839 N.E.2d 1093, 1097 (2005). The Illinois Vehicle Code requires two operable headlights from sunset to sunrise. 625 ILCS 5/12-201(b) (West 2014). The evidence showed Trooper Fricke initiated a traffic stop after observing defendant's vehicle traveling at night without two operable headlights. Based on the evidence presented, we agree with OSAD and find no reasonable argument could be made to challenge the trial court's ruling that the stop of defendant's vehicle was justified.

¶ 27    Defendant alternatively argued the portion of the recording containing the audio from when he was at the police substation, as well as the results from the breath test, should be suppressed because the recording did not contain video of him inside the substation. Trooper Fricke, who was present inside the police substation and administered the breath test to defendant, testified about the events occurring while at the police substation. He also testified the recording accurately portrayed the conversations between him and defendant while at the substation. See *People v. Montes*, 2013 IL App (2d) 111132, ¶ 61, 992 N.E.2d 565 ("An adequate foundation for admission of a sound recording into evidence exists if a witness to the recorded conversation testifies that the recording accurately portrays the conversation in question."). The mere absence of video from inside the police substation did not preclude the introduction of the portion of the recording containing the audio or the results from the breath test. Based on the evidence and argument presented, we agree with OSAD and find no reasonable argument could be made to challenge the trial court's rulings permitting the introduction of the portion of the recording containing the audio when defendant was at the police substation and the results from the breath test.

¶ 28    D. Jury Waiver

¶ 29    OSAD asserts no reasonable argument could be made to challenge defendant's waiver of a jury trial.

¶ 30    The United States and Illinois Constitutions guarantee criminal defendants the right to a trial by jury. U.S Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. Illinois statutes also protect this right. 725 ILCS 5/103-6(i) (West 2014). The waiver of a jury trial should be made in open court and in writing. *Id.*; 725 ILCS 5/115-1 (West 2014); *People v. Scott*, 186 Ill. 2d 283, 285-86, 710 N.E.2d 833, 834 (1999). The waiver is sufficient only if the defendant understands the decision he or she is making. 725 ILCS 5/103-6(i) (West 2014).

¶ 31    The trial court accepted from defendant's appointed trial counsel a written jury waiver signed by defendant. The court then confirmed with defendant that he understood his right to a jury. Defendant indicated he understood his right and persisted in waiving that right. Given the signed written jury waiver and defendant's persistence in requesting a bench trial after being admonished as to his right to a jury, we agree with OSAD and find no reasonable argument could be made to challenge defendant's waiver of a jury trial.

¶ 32                    E. Plea Offer Admonitions

¶ 33    OSAD asserts no reasonable argument could be made to challenge the trial court's plea offer admonitions.

¶ 34    A criminal defendant has a constitutional right to be reasonably informed of the direct consequence of accepting or rejecting a plea offer. *People v. Curry*, 178 Ill. 2d 509, 528, 687 N.E.2d 877, 887 (1997). While the burden of correctly informing the defendant of the applicable sentencing consequences lies with defense counsel, courts of review encourage trial courts to engage in a colloquy with the defendant about consequences of rejecting any plea offer.

See *People v. Williams*, 2016 IL App (4th) 140502, ¶¶ 36-37, 54 N.E.3d 934; *People v. Harvey*, 366 Ill. App. 3d 910, 918-19, 853 N.E.2d 25, 32-33 (2006).

¶ 35     Even though the trial court had no obligation to admonish defendant about the State's final plea offer, the court discussed the offer with defendant at length and correctly informed him of the consequences if he declined the offer and was found guilty on all counts after a trial. We agree with OSAD and find no reasonable argument could be made to challenge the trial court's plea offer admonitions.

¶ 36                              F. Sentencing

¶ 37     OSAD asserts no reasonable argument could be made to challenge defendant's sentences.

¶ 38     "[A] sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Little*, 2011 IL App (4th) 090787, ¶ 22, 957 N.E.2d 102. A trial court's sentencing decision is reviewed for an abuse of discretion as the trial court is generally in a "better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of each individual case." (Internal quotation marks omitted.) *People v. Price*, 2011 IL App (4th) 100311, ¶ 36, 958 N.E.2d 341.

¶ 39     The trial court sentenced defendant to prison terms well within the sentencing ranges and, in doing so, made clear it carefully considered the evidence and arguments, as well as the statutory factors in aggravation and mitigation. We agree with OSAD and find no reasonable argument can be made to challenge the sentences imposed by the trial court.

¶ 40 III. CONCLUSION

¶ 41 We grant OSAD's motion to withdraw as counsel and affirm.

¶ 42 Affirmed.