2021 IL App (2d) 190192-U
No. 2-19-0192
Order filed March 30, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Stephenson County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18-CF-221 |
| | ) | |
| LARRY J. MARTIN JR. | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Hutchinson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The record did not establish compliance with Rule 604(d)'s requirement that defendant, who was indigent, be provided free of charge a transcript of the guilty plea proceeding in advance of the hearing on his motion to reconsider his sentence. Therefore, the trial court's denial of defendant's motion to reconsider his sentence is vacated and the cause remanded for compliance with Rule 604(d).

¶ 2    Defendant, Larry J. Martin Jr., entered a nonnegotiated plea of guilty to aggravated battery (720 ILCS 5/12-3.05(a)(1) (West 2018)) and unlawful restraint (720 ILCS 5/10-3(a) (West 2018)). He was sentenced to concurrent prison terms of six years for aggravated battery and four years for unlawful restraint. This appeal arises from the denial of his motion, pursuant to Illinois Supreme

Court Rule 604(d) (eff. July 1, 2017), to reconsider his sentence. Defendant argues that the case must be remanded for proceedings in compliance with Rule 604(d) because he was not provided with transcripts of the guilty plea hearing and the sentencing hearing before the hearing on his motion to reconsider. We conclude that the record does not show compliance with Rule 604(d) and that the case must be remanded for proceedings in compliance with that rule.

¶ 3                                              I. BACKGROUND

¶ 4     Defendant was initially charged by complaint and later by information. At defendant's arraignment on the complaint, which took place on August 16, 2018, he indicated that he was unemployed and without income. The trial court appointed the public defender to represent him. Defendant entered his plea on October 23, 2018, and his sentencing hearing took place on several dates ending on January 28, 2019, when the trial court imposed sentence. On February 4, 2019, defense counsel filed the motion to reconsider. At a hearing on February 6, 2019, the public defender advised the trial court that defendant wished to proceed *pro se*. The trial court granted defendant leave to do so and discharged the public defender. The trial court heard and denied the motion to reconsider on February 11, 2019, and defendant filed a timely notice of appeal.

¶ 5     The appellate defender was appointed to represent defendant on appeal. Appellate counsel later moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967). We denied the motion without prejudice and appellate counsel opted to file a brief on the merits rather than a new motion to withdraw.

¶ 6                                               II. ANALYSIS

¶ 7     Rule 604(d) governs appeals following the entry of guilty pleas. Rule 604(d) provides, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

\*\*\*

\*\*\* The motion shall be presented promptly to the trial judge by whom the defendant was sentenced \*\*\*. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.

*If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost.*" (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Illinois Supreme Court Rule 402(e) (eff. July 1, 2012) requires guilty plea proceedings to be transcribed and made part of the common law record.

¶ 8     There must be strict compliance with Rule 604(d). The consequences for failure to strictly comply depend on which provision of the rule is infringed. If the defendant fails to file the requisite motion, the appeal must be dismissed. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988). For the failure to strictly comply with any other provision of Rule 604(d), "the remedy \*\*\* is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33 (1994).

¶ 9     Defendant contends that the trial court failed to comply with the requirement that it order a copy of the transcripts of the guilty plea hearing and sentencing hearing be furnished to him free of cost. In support of his argument, defendant contends that the required transcripts were not

prepared until after the hearing on the motion to reconsider. As evidence of when the transcripts were prepared, defendant relies on the dates that they were certified. Citing *People v. Little*, 2011 IL App (4th) 090787, the State responds that the date of certification is not necessarily the date of preparation.

¶ 10    As background to our discussion of *Little*, we note that, in addition to the requirements described above, Rule 604(d) requires counsel representing a criminal defendant in a postplea proceeding to certify, among other things, that he or she "examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In *Little*, the defendant's attorney filed a proper certificate, but the defendant claimed that the record refuted the certificate because the court reporter's certification of the transcript of the guilty plea proceedings was dated after the hearing on the postplea motion. The *Little* court rejected the argument, reasoning that "the date the court reporter *certifies* a report of proceedings pursuant to Rule 608(b) has nothing to do with the date the transcript of proceedings was *prepared.*" (Emphases in original.) *Little*, 2011 IL App (4th) 090787, ¶ 18.

¶ 11    *Little* simply stands for the proposition that the date of certification of the relevant transcript may not be relied upon to refute a proper Rule 604(d) certificate. Unlike in *Little*, however, here defendant proceeded *pro se*. Consequently, no certificate of counsel was required (see *People v. Denson*, 243 Ill. App. 3d 55, 59 n.1 (1993)), and we cannot rely on such a certificate to establish that the transcript of the guilty plea proceeding was prepared and was available to defendant before the hearing. The question before us, then, is how can we determine whether that transcript was provided to defendant free of cost? The answer is that we cannot. Rule 604(d) plainly requires the trial court to *order* the transcript of the guilty plea proceeding to be furnished.

Here the record is completely devoid of any such order, either oral or written, and we cannot simply assume that defendant somehow managed to obtain the transcript, either by court order or other means. We thus conclude that the record fails to show compliance with Rule 604(d).

¶ 12                                    III. CONCLUSION

¶ 13    For the foregoing reasons, we vacate the denial of defendant's motion to reconsider his sentence, and we remand the cause to the circuit court of Stephenson County for compliance with Rule 604(d). We remand specifically for (1) the appointment of counsel (if defendant is unrepresented and desires counsel); (2) the filing of a valid Rule 604(d) certificate (if defendant proceeds with counsel); (3) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if defendant concludes that a new motion is necessary; and (4) a new motion hearing. See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 14    Vacated and remanded.