NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220973-U

NO. 4-22-0973

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ROBERT CRAIGG DEAR, | ) | No. 20CF1199 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's seven-year sentence was not an abuse of discretion. The
sentence was not excessive, and the court gave appropriate weight to all relevant
factors in aggravation and mitigation.

¶ 2    Defendant, Robert Craigg Dear, is serving a seven-year sentence in the Illinois

Department of Corrections (DOC) pursuant to a plea agreement. In exchange for his plea of

guilty to one count of unlawful delivery of methamphetamine (720 ILCS 646/55(a)(1) (West

2020)), a Class 2 felony, the State agreed to dismiss a second count based on a separate delivery

and dismiss two petitions seeking to revoke a probationary sentence he was serving for another

offense at the time of his arrest in this case. There was no agreement as to sentence. Although

eligible for probation, because of his prior criminal history, if sentenced to prison, defendant was

subject to an extended term range of 3 to 14 years. After imposition of a seven-year sentence,

defendant's posttrial motion seeking reconsideration of his sentence was denied. Thereafter, defendant appealed the denial of that motion. Upon summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. Jan. 1, 2023), the court again denied defendant's motion for reconsideration of sentence and defendant filed this appeal. We affirm.

¶ 3                                              I. BACKGROUND

¶ 4        A confidential source working with the Bloomington Police Department Vice Unit arranged two separate purchases of methamphetamine from defendant in July and August 2020. In November 2020, defendant was charged and later indicted on two counts of unlawful delivery of methamphetamine (720 ILCS 646/55(a)(1) (West 2020)), a Class 2 felony normally punishable by three to seven years in DOC. Based on his criminal record, defendant was notified at the time of his arraignment he was extended term eligible. Also, at his arraignment on these charges, defendant was informed of a second petition to revoke probation filed in another case, McLean County case No. 19-CF-274 (aggravated driving under the influence (DUI)).

¶ 5        In June 2021, defendant entered a partially negotiated plea. In return for a plea of guilty to one count of delivery of methamphetamine, the second count of unlawful delivery of methamphetamine would be dismissed along with two pending petitions to revoke probation in case No. 19-CF-274. There was no agreement as to sentence beyond an understanding defendant would pay a $300 street value fine, a $75 discretionary fine, and any other fines, fees, and costs that might be assessed. At the time of his plea, defendant was advised his extended term eligibility meant he was subject to any prison sentence between 3 and 14 years.

¶ 6        At the sentencing hearing in September 2021, after several updates on defendant's behavior since the presentence investigation report (PSI) was completed, the parties agreed with its contents and the report was made part of the record. The State's evidence in aggravation

consisted only of a recitation of the factual basis for the plea. The State argued defendant showed a "clear history and pattern of disregard for court orders, a disregard for the law." This, it said, was evidenced by defendant's criminal history and failure to successfully complete any probationary sentence imposed in Illinois as well as two diversionary programs previously served in California. Referencing a deceptive practices conviction in 2005, the State noted defendant was eventually sentenced to a two-year prison sentence after his fourth petition to revoke probation. The State also highlighted defendant's six petitions to revoke probation in a 2005 misdemeanor domestic battery, violations of bail bond, violation of an order of protection, and escape between 2005 and 2007. It identified a 2010 DUI with petitions to revoke, a 2013 domestic battery, and an aggravated domestic battery for which he again served a prison sentence. The petitions to revoke probation in case No. 19-CF-274, dismissed per the plea in this case, related to a sentence of probation defendant was serving for an unrelated aggravated DUI when he committed this offense.

¶ 7        Emphasizing defendant was extended term eligible, the State nonetheless credited defendant with reentering drug treatment, as well as obtaining and maintaining employment since his release from custody. The State asked for an eight-year sentence in DOC with continued drug treatment while incarcerated.

¶ 8        Defendant's counsel argued for another sentence of probation, contending although he was convicted of delivery of a controlled substance, he was not a drug dealer and his involvement in this case was "an isolated brief time period in his life." Counsel argued defendant's probation eligibility meant it was the "preferred disposition" and there was substantial mitigation against imposing a prison sentence, as shown by "his remorse and desire for sincere change." This, counsel said, was evidenced by defendant obtaining employment and

his involvement in "two different programs at Chestnut [(a drug treatment program)] to address his substance abuse and mental health issues." Defendant's counsel argued, although not previously ready to change, defendant was now, as demonstrated by his behavior since his release from custody. Defendant's statement in allocution highlighted his efforts to "do the right thing," a recent birth of a grandchild, and a seven-year-old daughter who needed him at home (presumably because of the drug overdose death of his ex-wife, which he described during his testimony in mitigation as the catalyst for his behavior at the time of this offense).

¶ 9 Before imposing sentence, the circuit court noted its consideration of defendant's PSI, the evidence in aggravation and mitigation, defendant's statement in allocution, and the arguments of counsel. The court also expressly referenced its consideration of all relevant statutory factors in aggravation and mitigation when considering an "appropriate sentence" in defendant's case. The court mentioned the "promising signs" defendant had given in the months preceding his sentencing, acknowledging he may be seriously attempting to address problems he has had "basically for the last 20 years."

¶ 10 The circuit court observed defendant was on probation "almost continuously since 2001 with the diversionary programs out of California, with the probations, McLean County misdemeanor and felony offenses," stating, "[w]hat's striking from looking at that prior record is that [defendant] has been given countless opportunities to succeed on probation." The court listed numerous petitions to revoke probation, "significant periods in the county jail," new offenses, and the penitentiary sentences defendant received. The court highlighted that defendant was released from prison in May 2018 and by December of the same year, committed the aggravated DUI for which he was on probation at the time he was charged with "dealing methamphetamine." As a result, he was on both mandatory supervised release (MSR) and

probation when he committed the sentencing offense. Although he also picked up a driving-after-revocation charge while this case was pending, the court credited defendant for his version of the offense—a matter of necessity to get to work.

¶ 11 Recognizing probation as the statutory default, the circuit court found such a sentence, considering all the evidence, "would deprecate the seriousness of the offense and be inconsistent with the ends of justice." The court also found a sentence of imprisonment was "necessary for the protection of the public" and sentenced defendant to seven years in DOC. Defendant received statutory credit of 228 days for time spent in custody on this charge and one year of MSR. The court imposed the minimum statutory fines, fees, and costs and recommended drug treatment while incarcerated. Defendant was advised of his appeal rights.

¶ 12 Defendant's counsel filed a simple two-sentence motion to reconsider sentence, noting the date and length of the sentence imposed and asserting "[t]hat given the facts and circumstances of this case, the seven-year sentence is excessive." The circuit court ultimately denied defendant's motion.

¶ 13 Defendant appealed his conviction, sentence, and the denial of his motion to reconsider in May 2022. The case was returned to the circuit court on an agreed motion for summary remand in August 2022 to permit the filing of a proper Rule 604(d) certificate, a new postplea motion if necessary, and a new motion hearing. See *People v. Dear*, No. 4-22-0380 (Aug. 12, 2022) (order).

¶ 14 A compliant 604(d) certificate was filed on defendant's behalf and the matter was heard again on any postplea motions in November 2022. Defendant's new counsel adopted defendant's previous motion to reconsider and elected to file no other motions. He argued defendant showed progress since his release from custody and before sentencing, pointing out

how defendant said he completed treatment while at Sheridan Correctional Center. The State once again noted defendant received a midrange sentence of seven years, even though defendant was extended term eligible for a sentence up to 14 years. The circuit court referenced its review of the PSI, the previous evidence and testimony, and the court's consideration of all relevant factors in aggravation and mitigation and concluded the sentence previously imposed was appropriate, denying defendant's motion to reconsider.

¶ 15        Defendant appeals.

¶ 16                                II. ANALYSIS

¶ 17        On appeal, defendant claims the circuit court's seven-year sentence was an abuse of discretion and failed to properly consider defendant's rehabilitative potential.

¶ 18                            A. Standard of Review

¶ 19        When a defendant claims the circuit court erred by imposing an excessive sentence, he must realize "[a]bsent an abuse of discretion by the *** court, a sentence may not be altered upon review." (Internal quotation marks omitted.) *People v. Price*, 2011 IL App (4th) 100311, ¶ 36, 958 N.E.2d 341. An abuse of discretion will not be found unless the court's sentencing decision is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the *** court." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 26, 82 N.E.3d 693. "[A] sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Little*, 2011 IL App (4th) 090787, ¶ 22, 957 N.E.2d 102.

¶ 20                            B. Review of a Sentence

¶ 21          In fact, "[t]here is a strong presumption that the [circuit] court based its sentencing determination on proper legal reasoning, and the court is presumed to have considered any evidence in mitigation which is before it." *People v. Donath*, 357 Ill. App. 3d 57, 72, 827 N.E.2d 1001, 1014 (2005). "A reviewing court gives great deference to the [lower] court's judgment regarding sentencing because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the 'cold' record." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). "Consequently, the reviewing court must not substitute its judgment for that of the [sentencing] court merely because it would have weighed these factors differently." (Internal quotation marks omitted.) *People v. Alexander*, 239 Ill. 2d 205, 213, 940 N.E.2d 1062, 1066 (2010). It is presumed a circuit court considered all relevant mitigating and aggravating factors in fashioning a sentence and that presumption will not be overcome absent explicit evidence from the record the court failed to consider mitigating factors. *People v. Flores*, 404 Ill. App. 3d 155, 158, 935 N.E.2d 1151, 1155 (2010).

¶ 22                              C. The Sentence Here

¶ 23          In determining what sentence to impose, the circuit court may consider (1) the defendant's history, character, and rehabilitative potential, (2) the seriousness of the offense, (3) the need to protect society, and (4) the need for punishment and deterrence. *People v. Klein*, 2022 IL App (4th) 200599, ¶ 34. "[A] defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense." (Internal quotation marks omitted.) *People v. Mendez*, 2013 IL App (4th) 110107, ¶ 38, 985 N.E.2d 1047. Defendant asserts the circuit court erred by failing to sufficiently consider two factors he cites as

mitigation—defendant's rehabilitative potential and his long-term addiction. We take each in turn.

¶ 24    We first note the circuit court expressly referenced defendant's conduct since his release from custody evidencing his rehabilitative potential, stating,

> "There are some promising signs that Mr. Dear has given us over the last months. His substance abuse treatment, the fact that he may be taking things seriously as he faces sentencing in this case in trying to remedy some of the problems or correct some of the problems that he's been facing basically for the last 20 years. Those are good signs."

It is something even the State conceded in argument:

> "The State does believe that an extended term is appropriate in this case. However, the State does recognize, too, that it sounds like the defendant has done some good things in between when the defendant pled and today's date ***."

Defendant cannot reasonably claim his rehabilitative potential was not given due consideration. Instead, he asks us to weigh it differently, which we will not do. See *Alexander*, 239 Ill. 2d at 213.

¶ 25    Next, we see defendant's addiction was also mentioned throughout the sentencing hearing and considered by the circuit court. The State requested any sentence to the penitentiary include the opportunity for defendant to receive drug treatment, and the court's mittimus reflected the same, stating,

"The Court further finds that offense was committed as a result of the use of, abuse of, or addiction to alcohol or a controlled substance and recommends the defendant for placement in a substance abuse program."

¶ 26 It is worth noting the Unified Code of Corrections does not list drug addiction as a mitigating factor or aggravating factor. See 730 ILCS 5/5-5-3.1(a), 5-5-3.2(a) (West 2022). As a result, a sentencing court need not regard drug addiction as a mitigating factor. *People v. Prather*, 2022 IL App (4th) 210609, ¶ 39 (citing *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 105, 126 N.E.3d 703). We noted further in *Prather*, "the supreme court likewise has rejected the argument that 'a sentencing judge must consider [the] defendant's drug use as a mitigating factor in sentencing decisions.' " *Prather*, 2022 IL App (4th) 210609, ¶ 39 (quoting *People v. Shatner*, 174 Ill. 2d 133, 159, 673 N.E.2d 258, 270 (1996)).

¶ 27 Instead, after fully acknowledging defendant's recent positive actions to address his addiction, the circuit court then accurately observed "the defendant has in essence been on probation almost continuously since 2001 with the diversionary programs out of California, with the probations, McLean County misdemeanor and felony offenses." The court listed the "countless opportunities" defendant had been given to succeed on probation, almost all of which resulted in multiple petitions to revoke, and some of which led to jail and ultimately a penitentiary sentence. The court also pointed out defendant committed the sentencing offense, delivery of methamphetamine, while he was serving MSR for one offense and probation for another. Referencing the seriousness of the offense, the court also found deterrence to be an appropriate consideration.

¶ 28    Defendant's PSI reveals 13 traffic offenses in California and Illinois, 2 DUI's, 10 misdemeanor offenses, and 4 felony convictions. Multiple sentences of probation, court supervision, or conditional discharge resulted in sometimes as many as six violations. Almost every case had multiple violations of probation, including both technical violations as well as the commission of new offenses. The circuit court properly reasoned defendant's substantial criminal history and the need for deterrence required a longer sentence. See *People v. Garcia*, 2018 IL App (4th) 170339, ¶ 37, 99 N.E.3d 571. Since defendant's rehabilitative potential and any other mitigating factors are not entitled to greater weight than the seriousness of the offense, the court's sentencing decision does not constitute an abuse of discretion. See *Mendez*, 2013 IL App (4th) 110107, ¶ 38.

¶ 29    Defendant argues the sentence was at the maximum end of a normal Class 2 felony (three-to-seven years) and therefore unreasonable, complaining his sentence was "four more years then [*sic*] the minimum." But he overlooks his criminal history. In addition to the 2 DUI's and 10 misdemeanors in Illinois alone, defendant had three felony convictions and had been sent to prison for two years for a felony deceptive-practices charge after his fourth probation revocation petition. He also served three and a half years for aggravated domestic battery/strangulation and was unsuccessfully discharged from probation for aggravated DUI after his third probation revocation based on the sentencing offense here.

¶ 30    Defendant is, in effect, arguing that, regardless of the number of prior convictions and his dismal performance on probation for the past 20 years, because this is his first delivery of methamphetamine offense, he should be allowed to start over with probation as if it were his first offense. We struggle to imagine under what circumstances defendant's argument could be considered reasonable. Defendant's claimed mitigation would not even save him from a

maximum sentence under the right circumstances. "The existence of mitigating factors does not require the trial court to reduce a sentence from the maximum allowed." *People v. Pippen*, 324 Ill. App. 3d 649, 652, 756 N.E.2d 474, 477 (2001). Instead, although extended term eligible, the court imposed a sentence seven years below the maximum sentence possible and well within statutory limits. Accordingly, we do not find the sentence to be "arbitrary, fanciful, unreasonable," or one where "no reasonable person would take the view adopted by the trial court." *Etherton*, 2017 IL App (5th) 140427, ¶ 26.

¶ 31                                        III. CONCLUSION

¶ 32            For these reasons, we affirm the circuit court's judgment and sentence.

¶ 33            Affirmed.