2022 IL App (2d) 210583
No. 2-21-0583
Opinion filed September 22, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-243 |
| MICHAEL Q. SPEARS, | ) ) ) | Honorable Ronald J. White, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices McLaren and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Michael Q. Spears, was sentenced as a Class X offender to 25 years for the Class 1 felony of possession of a controlled substance with intent to deliver, under the requirements of section 5-4.5-95 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-95 (West 2018)) in effect at the time of sentencing. Following summary reversal and remand by this court for the filing of a valid Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate, that section of the Code was amended by the legislature such that, by the time defendant filed an amended motion to reconsider the sentence, section 5-4.5-95 of the Code had changed to narrow the types of felonies eligible for Class X sentencing. See Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (amending 730

ILCS 5/5-4.5-95(b)). For the reasons that follow, we reverse the trial court's denial of defendant's amended motion to reconsider the sentence and remand the matter for a new sentencing hearing.

¶ 2                                    I. BACKGROUND

¶ 3      On January 14, 2019, defendant entered open guilty pleas to felony counts of aggravated battery, possession of a controlled substance with intent to deliver, and unlawful use of a weapon by a felon. He also pleaded guilty to misdemeanor counts of endangering the life or health of a child, possession of a firearm without a valid firearm owner's identification (FOID) card, and domestic battery. The trial court admonished defendant as to the potential sentences for the charges, including his eligibility for extended sentencing due to his previous forcible felony conviction of burglary. Defendant was informed that, for the Class 3 aggravated battery conviction, he was eligible for a sentence of five to ten years' imprisonment. For the convictions of Class 1 possession of a controlled substance with intent to deliver and Class 2 unlawful use of a weapon by a felon, he was subject to mandatory Class X sentencing of 6 to 30 years' imprisonment. Defendant indicated that his plea was entered voluntarily and without any promises or threats of force. He further indicated that he was satisfied with his attorney's representation. Defendant read his waiver of rights to a jury trial and signed the plea of guilty in open court, which the trial court accepted.

¶ 4      A presentence investigation report (PSI) was prepared for defendant's June 13, 2019, sentencing hearing. The PSI showed that defendant had prior felony convictions of Class 2 attempted residential burglary, Class 3 forgery, Class 2 burglary, and Class 4 unlawful possession of an adulterant. The State relied on defendant's 2000 conviction of Class 2 attempted residential burglary and 2008 conviction of Class 2 burglary to subject to Class X sentencing his Class 1 possession of a controlled substance with intent to deliver conviction. The trial court found that

the unlawful use of a weapon by a felon conviction was already enhanced to a Class 2 felony based on defendant's criminal history and that Class X sentencing would be an improper double enhancement. Therefore, the base sentencing range of 3 to 14 years' imprisonment would apply.

¶ 5    The trial court sentenced defendant to 10 years for aggravated battery, 25 years for possession of a controlled substance with intent to deliver, and 14 years for unlawful use of a weapon by a felon. Additionally, defendant received a one-year sentence for each misdemeanor conviction, with time served and costs reduced to judgment. All sentences were to run concurrently. Pursuant to Illinois Supreme Court Rule 605(b) (eff. Aug. 1, 1992), the trial court admonished defendant regarding his right to appeal after filing a written motion to reconsider the sentence or a motion to withdraw his guilty plea within 30 days of sentencing.

¶ 6    On June 21, 2019, defendant's counsel filed a motion to reconsider the sentence, arguing that the sentence was excessive and should be reduced. On July 15, 2019, defendant filed a *pro se* motion to vacate the judgment and withdraw his guilty plea. The *pro se* motion alleged that defendant's counsel was ineffective for telling defendant that he "would get between 8 and 10 years, and if he went to trial would get 30 years." The *pro se* motion also averred that defendant's counsel "did not call certain character witnesses that could have had an effect on sentencing."

¶ 7    On August 28, 2019, the trial court held a hearing on the motion to reconsider defendant's sentence, wherein it acknowledged receipt of defendant's *pro se* motion and suggested counsel make a motion to withdraw before the public defender would be appointed to represent defendant. The trial court asked defendant how he would like to proceed regarding his pending *pro se* motion to withdraw the guilty plea. Defendant requested a continuance, which the trial court granted. Defendant's counsel remained the attorney of record, at defendant's request.

¶ 8    On September 18, 2019, the matter was reconvened. Defendant informed the trial court that he was happy with his counsel and wished to withdraw his *pro se* motion and proceed on the motion to reconsider the sentence. On October 9, 2019, the trial court heard and denied defendant's motion to reconsider the sentence. The record is devoid of any indication that a Rule 604(d) certificate was filed.

¶ 9    On October 31, 2019, defendant filed another *pro se* motion to withdraw the guilty plea and vacate the sentence, realleging his counsel's ineffective assistance. Defendant's counsel filed a notice of appeal in the trial court on November 5, 2019, seeking review of the June 13, 2019, sentencing order and the October 9, 2019, order denying the motion to reconsider the sentence. An order for the appointment of appellate counsel was entered on November 7, 2019. On November 27, 2019, defendant appeared before the trial court, as his pending *pro se* motion had been placed on the court's docket. The trial court informed defendant that his case was on appeal, appellate counsel had been appointed, and there was no jurisdiction to hear his *pro se* motion.

¶ 10    On February 13, 2019, defendant filed an unopposed motion for summary remand. The motion, filed by defendant's appointed appellate counsel, argued that the matter must be remanded for additional proceedings under Rule 604(d), as defendant's trial counsel did not file the required certificate. On February 19, 2020, this court entered an order granting defendant's motion. The order stated as follows:

> "Defendant's unopposed motion for summary remand is granted. The denial of defendant's Rule 604(d) motion is vacated, and the cause is remanded for '(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.' [Citation]."

¶ 11 Following remand to the trial court, on May 18, 2021, defendant, again represented by his trial counsel, filed a motion to reconsider the sentence, accompanied by a Rule 604(d) certificate. The motion again argued that defendant's sentence was excessive, averring that defendant had only one of the two necessary predicate felonies to support Class X sentencing on the Class 2 conviction of possession of a controlled substance with intent to deliver. While discussing the motion before the trial court on May 18, 2021, defendant remarked:

> "I would like to state for the record that [defense counsel] had informed me that I would be receiving between eight and ten years at the time of the plea agreement. If I would have known otherwise, I would have not accepted."

The trial court acknowledged that defendant may need to file a new motion to vacate his plea if defendant wished to either reassert an ineffective assistance claim or argue that he was not eligible for Class X sentencing. Defendant's counsel requested the matter be continued to "determine with [defendant] what he actually wants to file." The trial court agreed, and the matter was continued.

¶ 12 On May 26, 2021, the State filed its response to defendant's motion to reconsider the sentence. The response stated that defendant's 2000 conviction of attempted residential burglary and 2008 conviction of burglary supported Class X sentencing on the Class 2 conviction of possession of a controlled substance with intent to deliver.

¶ 13 On September 14, 2021, defendant filed an amended motion to reconsider the sentence. The motion argued that the legislature's amendment to section 5-4.5-95 of the Code, effective July 1, 2021, changed the criminal history required for Class X sentencing such that the prior qualifying offense must be a Class 2 or greater forcible felony and the new conviction must be of a Class 1 or Class 2 forcible felony. Defendant's 2000 felony conviction of attempted residential burglary was not of a forcible felony and his new conviction of possession of a controlled substance with

intent to deliver was not of a forcible felony. The motion also reasserted defendant's claims that the sentence was excessive.

¶ 14    The State's response to defendant's amended motion argued that he was not entitled to be resentenced based on a change to the statute that was not retroactive and would not apply to defendant postsentencing.

¶ 15    On October 5, 2021, the trial court heard arguments on defendant's amended motion. Defendant's counsel filed a new Rule 604(d) certificate on that date. Defendant argued that the trial court retained original jurisdiction over the matter, allowing for the benefit of the amendment to section 5-4.5-95 of the Code that would make him ineligible for Class X sentencing on the possession with intent conviction. The State responded by arguing that defendant's sentence of 25 years on the possession with intent conviction was proper, as he had the requisite prior convictions for Class X sentencing under the statute in effect at the time of sentencing.

¶ 16    The trial court denied defendant's amended motion to reconsider the sentence. It found that defendant had the requisite prior convictions for Class X sentencing under the statute in effect at the time of sentencing. The trial court further found that the sentence imposed was not excessive based on the totality of the circumstances.

¶ 17    Defendant filed this timely appeal.

¶ 18                                    II. ANALYSIS

¶ 19    Defendant raises several contentions in this appeal, two of which are dispositive in our analysis. First, defendant contends that the trial court erred in denying his amended motion to reconsider the sentence. He argues that he was entitled to elect the benefit of the amendment to section 5-4.5-95 of the Code that took effect after sentencing but before the trial court ruled on his amended motion to reconsider the sentence. Second, defendant contends that his misdemeanor

conviction of possession of a firearm with no valid FOID card should be vacated under the one-act, one-crime doctrine. We will address each of these contentions in turn.

¶ 20 Defendant's argument as to whether the legislature's amendment to section 5-4.5-95 of the Code applies to his sentence presents a question of law, which we review *de novo*. *People ex rel. Madigan v. J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 27.

¶ 21 When the trial court originally sentenced defendant as a Class X offender to 25 years' imprisonment on the Class 1 felony of possession of a controlled substance with intent to deliver, on June 13, 2019, Class X sentencing was required for that offense based on his recidivist history. At that time, section 5-4.5-95(b) of the Code read as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, *** after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony, *** and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender." 730 ILCS 5/5-4.5-95(b) (West 2018).

Defendant's amended motion to reconsider the sentence was filed on September 14, 2021. Between the time of defendant's sentence and the trial court's denial of his amended motion, the legislature amended section 5-4.5-95(b) of the Code to read as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 forcible felony after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 forcible felony was committed) classified in Illinois as a Class 2 or greater Class forcible felony and those charges are separately brought and tried and arise out of different series of acts,

that defendant shall be sentenced as a Class X offender." Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5-4.5-95(b)).

"Forcible felony" is defined in the Criminal Code of 2012 to mean:

> "[T]reason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2020).

¶ 22　Section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2020)) defines the temporal reach of section 5-4.5-95(b) of the Code. *People v. Hunter*, 2017 IL 121306, ¶¶ 52-54. Section 4 states that

> "[n]o new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the *proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding*. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be *applied to any judgment pronounced after the new law takes effect*. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new

provision upon the same subject or in any other act." (Emphases added.) 5 ILCS 70/4 (West 2020).

¶ 23    Our supreme court, in *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 28 (quoting *People v. Ziobro*, 242 Ill. 2d 34, 46 (2011)), stated that "[u]nder section 4, substantive amendments may not be applied retroactively, but 'procedural law changes will apply to ongoing proceedings.' " Our supreme court has also stated that application of the Statute on Statute's default rule means that the amended statute "would apply retroactively to a pending case, *i.e.*, a case in which the trial court proceedings had begun on the old statute but had not yet been concluded." *Hunter*, 2017 IL 121306, ¶ 30.

¶ 24    In *Hunter*, the defendant was charged with aggravated vehicular hijacking, aggravated kidnapping, and armed robbery. *Id.* ¶ 4. The defendant was 16 years old at the time of the charged offenses. When the defendant was charged, section 5-130(1)(a) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-130(1)(a) (West 2010)) excluded jurisdiction for some of the charged conduct if the minor was at least 15 years of age at the time of the offense. He was charged and convicted as an adult. *Hunter*, 2017 IL 121306, ¶ 5. The trial court sentenced the defendant to concurrent 21-year terms on each count, and he appealed. *Id.* ¶ 6.

¶ 25    While the defendant's case was pending in the appellate court, section 5-130(1)(a) of the Juvenile Court Act was amended, raising the age for automatic transfer to adult court from 15 years to 16 years, as well as eliminating from the list of automatic transfer offenses armed robbery while armed with a firearm and aggravated vehicular hijacking while armed with a firearm. *Id.* ¶ 8. The sentencing provisions applicable to the defendant were also amended while his case was pending on appeal, allowing for a trial court to decline to impose certain sentencing enhancements that he had received. *Id.* ¶ 7. The defendant submitted to the appellate court supplemental briefing

on the amendments, arguing that the amendments applied retroactively and that his case should be remanded for a discretionary transfer hearing as well as a new sentencing hearing. *Id.* ¶ 9. The appellate court held that neither amendment applied retroactively and affirmed his convictions and sentence. *Id.*

¶ 26 In affirming the appellate court's holding, our supreme court noted that the defendant's case was already in the appellate court when the new provisions of the Juvenile Court Act took effect. *Id.* ¶ 43. Section 4 of the Statute on Statutes requires that proceedings after the adoption of a new procedural statute " 'shall conform, so far as practicable, to the laws in force at the time of such proceeding.' " *Id.* ¶ 31 (quoting 5 ILCS 70/4 (West 2016)). "Section 4 contemplates the existence of proceedings after the new or amended statute is effective to which the new procedure could apply." *Id.* The defendant's proceedings in the trial court were completed before the relevant provisions of the Juvenile Court Act had been amended and, thus, no ongoing proceedings existed to which the amended statute could apply. *Id.* ¶ 32.

¶ 27 Defendant in the present appeal maintains that, because his case was pending in the trial court at the time that the legislature's amendment to section 5-4.5-95(b) of the Code took effect, he had the right to elect sentencing under it. We agree. This court's grant of defendant's unopposed motion for summary remand vacated the trial court's denial of his original motion to reconsider the sentence for failure to file the requisite certificate pursuant to Rule 604(d).

¶ 28 We have an obligation to construe statutes in a manner that will avoid absurd, unreasonable, or unjust results that the legislature could not have intended. *People ex rel. Alvarez v. Gaughan*, 2016 IL 120110, ¶ 19. "The process of statutory interpretation should not be divorced from consideration of real-world results ***." *People v. Fort*, 2017 IL 118966, ¶ 35. Here, the State's position that this court's remand for compliance with Rule 604(d) did not mean that

defendant's original case was still pending would lead to an absurd result. Defendant's amended motion to reconsider the sentence, filed after the amendment to section 5-4.5-95(b) of the Code, argued not only that defendant should receive the benefit of the new provisions of that statute but that the trial court's sentence was excessive for a litany of reasons articulated in that motion. Had the trial court granted defendant's amended motion on any of the other grounds argued, the amended version of section 5-4.5-95(b) of the Code would have applied at defendant's new sentencing hearing, yet the State's position is that the amended provisions of the statute should not apply upon denial of that same motion.

¶ 29    As discussed above, this court's February 19, 2020, mandate vacated the trial court's October 9, 2019, denial of defendant's motion to reconsider the sentence for noncompliance with Rule 604(d) and remanded the matter for " '(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.' " This court's order afforded defendant the opportunity to file a new motion to reconsider the sentence, as the trial court's denial of his original motion had been vacated. Because defendant entered an open guilty plea, he could not file an appeal without first filing a motion to reconsider the sentence or a motion to withdraw his guilty plea, and it is the order denying his amended motion to reconsider the sentence that acts as the final judgment in the underlying proceedings. See Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021); see also *People v. Feldman*, 409 Ill. App. 3d 1124, 1127 (2011). Until the trial court issued its denial of defendant's amended motion to reconsider the sentence following this court's February 19, 2020, remand, the underlying proceedings remained ongoing in the trial court when the amended provisions of section 5-4.5-95(b) of the Code took effect on July 1, 2021. See *Hunter*, 2017 IL 121306, ¶ 32. This case was still pending before the trial court when the July

1, 2021, amendment to section 5-4.5-95(b) of the Code took effect. The amended version of that statute should have applied, and the trial court erred in denying defendant's amended motion to reconsider the sentence on that ground. Accordingly, we remand this matter to the trial court with directions that a new sentencing hearing be held in accordance with this opinion.

¶ 30　Before concluding, we must address defendant's other contention in this appeal. Defendant contends that his misdemeanor conviction of possession of a firearm without a valid FOID card along with his felony conviction of unlawful use of a weapon by a felon constitute a violation of the one-act, one-crime rule. We agree.

¶ 31　A criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act. *People v. King*, 66 Ill. 2d 551, 566 (1977). Whether a violation of the rule has occurred is a question of law, which we review *de novo*. *People v. Coats*, 2018 IL 121926, ¶ 12. In making that determination, this court has long followed a two-step analysis. *Id.* First, the court ascertains whether the defendant's conduct consisted of a single physical act or separate acts. *Id.* If it is determined that the defendant committed multiple acts, the court then moves to the second step and determines whether any of the offenses are lesser included offenses. *Id.* If none of the offenses are lesser included offenses, then multiple convictions are proper. *Id.*

¶ 32　Here, the State concedes that defendant's dual convictions of the above-referenced acts constitute a violation of the one-act, one-crime rule. The factual basis presented by the State at defendant's guilty plea illustrated that he wielded a handgun during the commission of the criminal acts, did not possess a valid FOID card, and had a prior conviction of burglary. The evidence presented established that defendant possessed only a single firearm. Therefore, defendant could not be convicted of and sentenced for both possession of a firearm without a valid FOID card and

felony unlawful use of a weapon by a felon. See *People v. Quinones*, 362 Ill. App. 3d 385, 397 (2005). Accordingly, this court vacates defendant's conviction of and sentence for misdemeanor possession of a weapon without a valid FOID card, the less serious offense.

¶ 33    Based on our foregoing analysis, we need not reach the remaining contentions raised in defendant's appeal.

¶ 34                                    III. CONCLUSION

¶ 35    For the reasons stated, we reverse the trial court's denial of defendant's amended motion to reconsider the sentence and remand the matter for a new sentencing hearing consistent with this opinion. Further, defendant's conviction of and sentence for possession of a firearm without a valid FOID card is hereby vacated.

¶ 36    Reversed, vacated, and remanded.

*People v. Spears*, **2022 IL App (2d) 210583**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 17-CF-243; the Hon. Ronald J. White, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Elena B. Penick, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | J. Hanley, State's Attorney, of Rockford (Patrick Delfino, Edward R. Psenicka, and Richard S. London, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |