NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220144-U

NO. 4-22-0144

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 16, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ADAM M. LOPEZ, | ) | No. 18CF1191 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice DeArmond and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed defendant's sentence, concluding that defendant was not entitled to a new sentencing hearing based on a change in the law while defendant's motion to reconsider his sentence was pending in the trial court.

¶ 2   In May 2021, defendant, Adam M. Lopez, pleaded guilty to theft, a Class X felony (720 5/16-l(a)(l) (West 2018)). In June 2021, the trial court sentenced him to 11 years in prison and a 3-year term of mandatory supervised release (MSR) pursuant to section 5-4-1(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4-l(d) (West 2020)). In July 2021, defendant filed a motion to reconsider his sentence, which the trial court denied. On appeal in appellate court case No. 4-21-0511, this court vacated the trial court's order and granted an agreed motion for summary remand because defendant's counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and defendant subsequently filed an amended motion to reconsider, which the trial court again denied.

¶ 3        Defendant appeals, arguing that (1) the trial court committed plain error by denying defendant his right to elect sentencing under a new sentencing scheme that reduced the term of MSR for his conviction from 3 years to 18 months or (2) in the alternative, trial counsel was ineffective for failing to raise that same issue. We disagree and affirm the trial court's denial.

¶ 4                                I. BACKGROUND

¶ 5        In December 2018, the State charged defendant with two counts of theft and two counts of financial exploitation of the elderly. In October 2021, defendant pleaded guilty to a single charge of theft (over $1,000,000), a Class X felony (720 5/16-l(a)(l) (West 2018)), and the remaining charges were dismissed. There was no agreement as to defendant's sentence. The factual basis for defendant's plea was as follows:

> "[B]etween April 2014 and September 2018, in Sangamon County, [defendant] committed the offense of Theft in that he knowingly exerted unauthorized control over property being United States currency of [various individuals] intended for investment or otherwise entrusted to the possession or control of [defendant] with a value in excess of $1 million intending to deprive those individuals permanently of the use or benefit of that property in furtherance of a single intention and design in violation of the criminal code."

¶ 6        On June 29, 2021, following a sentencing hearing, the trial court sentenced defendant to 11 years in prison, to be served at 50% with credit for 965 days he had already spent in custody. Further, pursuant to section 5-4-1(d) (730 ILCS 5/5-4-l(d) (West 2020)) the court imposed a mandatory period of three years of MSR.

¶ 7        Two days later, on July 1, 2021, Public Act 101-652 (Safe-T Act) went into

effect, which reduced the term of MSR for nearly all offenses. Pub. Act. 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5-8-1). Under the Safe-T Act, the MSR term for certain Class X felonies, including the one defendant committed, was reduced from 3 years to 18 months. See 730 ILCS 5/5-8-1(d)(1.5) , (g) (West Supp. 2021). (We note that neither the parties nor the trial court discussed this change during trial court proceedings.)

¶ 8 That same month, defendant filed motions to withdraw his guilty plea and reconsider his sentence. However, defendant subsequently elected to proceed only on his motion to reconsider. Defendant argued that based on the trial court's representations during Illinois Supreme Court Rule 402 conferences (Ill. S. Ct. R. 402 (eff. July 1, 2012)), the court had no reason to sentence defendant to more than 10 years in prison. The court denied the motion, explaining that it was not bound by its comments at the Rule 402 conferences and that it never promised to sentence defendant to 10 years in prison.

¶ 9 Defendant appealed, and in December 2021, this court granted the parties' agreed motion for summary remand because defendant's trial counsel filed a Rule 604(d) certificate that did not comply with Illinois Supreme Court Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. July 1, 2017)). In January 2022, defendant's counsel filed an "Amended Affidavit in compliance with Supreme Court Rule 604(d)" and an amended motion to reconsider sentence, raising the same issue as the prior motion to reconsider. The trial court again denied this motion.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Defendant appeals, arguing that (1) the trial court committed plain error by denying defendant his right to elect sentencing under a new sentencing scheme that reduced the term of MSR for his conviction from 3 years to 18 months or (2) in the alternative, trial counsel

was ineffective for failing to raise that same issue. We disagree and affirm the trial court's denial.

¶ 13     A. The Standard of Review and the Applicable Law

¶ 14     1. *The Temporal Reach of Amended Criminal Statutes*

¶ 15     When determining whether a statute applies retroactively or prospectively— Illinois courts first ask whether the legislature has clearly indicated the statute's temporal reach. *People v. Hunter*, 2017 IL 121306, ¶ 20, 104 N.E.3d 358. If so, assuming no constitutional prohibition, courts give effect to the legislature's intent. *Id.* However, "if the temporal reach of the statute is *not* clearly indicated in its text, then the statute's temporal reach is provided by default in section 4 of the Statute on Statutes [(5 ILCS 70/4 (West 2016))]." (Emphasis added.) *Id.* ¶ 22.

¶ 16     Section 4 of the Statute on Statutes provides the following:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that *the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding*. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, *such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect*. This section shall extend to

all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." (Emphases added.) 5 ILCS 70/4 (West 2020).

¶ 17 Section 4 "is a general savings clause, which this court has interpreted as meaning that procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." *People v. Howard*, 2016 IL 120729, ¶ 20, 72 N.E.3d 346. However, courts should not create "new proceedings for the sole purpose of applying a procedural statute that postdates [the defendant's] trial and sentence." *Hunter*, 2017 IL 121306, ¶ 33.

¶ 18 2. *Plain Error*

¶ 19 "To preserve an error for consideration on appeal, a defendant must object to the error at trial and raise the error in a posttrial motion. [Citation.] Failure to do so constitutes forfeiture." *People v. Galarza*, 2023 IL 127678, ¶ 45. However, the plain error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

" '(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence.' " *In re D.D.*, 2022 IL App (4th) 220257, ¶ 31 (quoting *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045 (2010)).

¶ 20 The usual first step in a plain error analysis is to determine whether any error occurred at all. *Id.* If error did occur, then we determine whether either of the plain error prongs is satisfied. *Id.*

¶ 21                      3. *Ineffective Assistance of Counsel*

¶ 22          To state a claim of ineffective assistance of counsel, a defendant must allege that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defendant. *People v. Veach*, 2017 IL 120649, ¶ 30, 89 N.E.3d 366 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Specifically, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* "A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy [either] of the prongs precludes a finding of ineffectiveness." (Internal quotation marks omitted.) *Id.*

¶ 23                      4. *The Standard of Review*

¶ 24          Because this case concerns the interpretation and application of section 4 of the Statute on Statues, the standard of review is *de novo*. *Hunter*, 2017 IL 121306, ¶ 15.

¶ 25                      B. This Case

¶ 26          As an initial matter, because defendant concedes that he did not raise the present issue before the trial court, he has forfeited the argument on appellate review. Nonetheless, defendant asserts that we can review the claim as plain error. Alternatively, defendant asserts that his trial counsel was ineffective for failing to alert him of the sentencing options available to him. For the reasons that follow, because defendant was not entitled to be sentenced under the amended sentencing statute, neither the trial court nor trial counsel erred by failing to alert him of a choice that he did not have.

¶ 27                      1. *The Temporal Scope of Section 5-8-1*

¶ 28    The parties do not dispute that the trial court did not admonish defendant that he had the right to choose to be sentenced under section 5-8-1 as amended by the Safe-T Act. However, as we later explain, the change in the period of MSR contained in the amended section 5-8-1 did not apply to defendant.

¶ 29    We first turn to the text of the statute at issue to determine whether the legislature intended for the lowered MSR term to apply retroactively. Here, section 5-8-1 expressly provides for the temporal scope of its application. Subsection 5-8-1(g) provides that "the provisions of paragraphs (1.5) and (2) of subsection (d) are effective on July 1, 2021, and shall apply to all individuals convicted on or after the effective date of paragraphs (1.5) and (2) of subsection (d)." 730 ILCS 5/5-8-1(g) (West Supp. 2021).

¶ 30    Because the legislature clearly stated the temporal scope of the section—that is to say, it became effective July 1, 2021, and applied to individuals convicted on or after July 1, 2021—we need not look to section 4 of the Statute on Statutes to determine whether section 5-8-1(d) is to be applied retroactively. Instead, we analyze whether defendant was "convicted on or after" July 1, 2021, such that section 5-8-1(d) as amended applies.

¶ 31    Section 2-5 of the Criminal Code of 2012 defines a conviction as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." 720 ILCS 5/2-5 (West 2020). Section 102-14 of the Code of Criminal Procedure of 1963 defines a judgment as "an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty it includes the sentence pronounced by the court." 725 ILCS 5/102-14 (West 2020).

¶ 32    Here, defendant's sentence was pronounced on June 29, 2021, two days before

the effective date of section (d)(1.5). Because defendant was both adjudicated guilty and sentenced prior to July 1, 2021, defendant was "convicted" within the meaning of section 5-8-1(g) on June 29, 2021, and subsection (d)(1.5) does not apply to his sentence.

¶ 33　　　　　2. *Defendant Is Not Entitled to His Choice of Sentencing Statute*

¶ 34　　　　　Defendant argues that section 4 of the Statute on Statutes—specifically, the sentence, "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect" (5 ILCS 70/4 (West 2020))—mandates that defendant be given the opportunity to elect to be sentenced under the amended section 5-8-1 because his sentence was not yet final at the time that the new MSR provision went into effect. That is to say, because his motion to reconsider sentence was still pending, his sentence was not final, or "pronounced," until the trial court denied his motion.

¶ 35　　　　　Even assuming that the amended statute can be applied to mitigate defendant's MSR sentence, because the trial court has not pronounced a new judgment, defendant has no right to elect to be sentenced under the amended statute.

¶ 36　　　　　Defendant emphasizes repeatedly that following a guilty plea, "the judgment in a criminal case is not final for purposes of appeal until the trial court has ruled on any timely post-plea motions." However, section 4 does not contain the term "final judgment" in its text; instead, the legislature chose to use only the term "judgment," thereby meaning any judgment in the trial court proceedings. In the criminal context, the "judgment" is "an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty it includes the sentence pronounced by the court." 725 ILCS 5/102-14 (West 2020); see also *People v. Bradford*, 106 Ill. 2d 492, 504, 478 N.E.2d 1341 (1985) (applying this definition in the

context of section 4 of the Statute on Statutes). Further, defendant fails to make any arguments for why the meaning of "judgment" in section 4 should be construed as synonymous with "final judgment" for the purpose of appeal.

¶ 37        We note that the Illinois Supreme Court wrote in *Hunter* that the mitigating statute at issue in that case would not apply to the defendants in that case because they "were sentenced before the statute took effect." *Hunter*, 2017 IL 121306, ¶ 52. In so holding, the court highlighted that the defendants would have been entitled to their choice of law had the court vacated their sentences for error. *Id.* ¶ 54 Likewise, the supreme court in *Bradford* concluded that because "Bradford was sentenced prior to the effective date of [the amended sentencing provision], he [was] not eligible to elect to be sentenced under it." *Bradford*, 106 Ill. 2d. at 504. The same holds true here. Had defendant presented sufficient evidence to the trial court or to this court that his sentence was erroneous, then he may have been entitled to have the trial court's judgment vacated and a new sentence imposed. At that point, defendant would have received a new judgment to which the amended section 5-8-1 could apply. In the present case, the trial court denied defendant's motion to reconsider his sentence, meaning that the judgment—imposed prior to July 1, 2021—remained intact.

¶ 38        Ultimately, section 4, "in plain and unambiguous language, limits the election to judgments entered after the new law takes effect and has no application to a judgment entered, as here, prior to its effective date." *People v. Panczko*, 390 Ill. 398, 401, 61 N.E. 2d 355, 357 (1945). Because the trial court entered its sentencing judgment prior to the effective date of the amended section 5-8-1, defendant did not have the right to elect sentencing under the amended statute. Accordingly, neither the court nor trial counsel erred by failing to alert defendant of a choice that he did not have.

¶ 39                    3. People v. Spears *Is Distinguishable From This Case*

¶ 40          We note that defendant cites as additional authority the recent Second District

case *People v. Spears*, 2022 IL App (2d) 210583. However, that case is inapposite here.

¶ 41          In *Spears*, the defendant was sentenced as a Class X offender on the Class 1

felony of possession of a controlled substance with intent to deliver to 25 years in prison due to

his recidivist history. *Id.* ¶ 21 (730 ILCS 5/5-4.5-95(b) (West 2018)). The defendant filed a

motion to reconsider sentence, which was denied. *Id.* Defendant appealed, and the appellate

court remanded for defendant to file an amended motion to reconsider. *Id.*

¶ 42          While that motion was pending, the legislature amended section 5-4.5-95(b) of

the Unified Code (730 ILCS 5/5-4.5-95(b) (West Supp. 2021)), which, if in force at the time of

defendant's sentencing, would have prevented him from being sentenced as a Class X offender

by changing the requirements for what constitutes a qualifying offense. *Id.* Once the trial court

denied the amended motion, defendant once again appealed, arguing that "he was entitled to

elect the benefit of the amendment to section 5-4.5-95 of the [Unified Code] that took effect after

sentencing but before the trial court ruled on his amended motion to reconsider the sentence." *Id.*

¶ 19. The *Spears* court ultimately concluded that because (1) defendant's case had not reached a

final adjudication and (2) there were further proceedings in the trial court to be had, the change

in law should apply to the ongoing proceedings and require a new sentencing hearing. *Id.* ¶ 29.

¶ 43          We note that the court did not outright state whether the amended section 5-4.5-95

was a procedural change, substantive change, or a mitigation of a sentence. However, based on

the analysis the court used in forming its decision, the Second District clearly treated the

amended statute as a procedural change in the law, applying section 4 accordingly. Because

*Spears* concerned a procedural change regarding qualifying convictions for Class X sentencing

and defendant's claims here relate to an amendment mitigating a sentence of MSR, we conclude this case and *Spears* are different in kind and *Spears* is distinguishable.

¶ 44                                III. CONCLUSION

¶ 45          For the reasons stated, we affirm the trial court's judgment.

¶ 46          Affirmed.