NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230029-U

NO. 4-23-0029

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| MARIO NEAL, | ) | No. 19CF101 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | C. Robert Tobin III, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed defendant's sentence, concluding (1) the trial court
did not abuse its discretion in imposing the sentence and (2) defendant was not
entitled to a new sentencing hearing based on a change in the law while his
motion to reconsider his sentence was pending.

¶ 2    In January 2020, defendant, Mario Neal, pleaded guilty to unlawful delivery of a

controlled substance (720 ILCS 570/401(c)(2) (West 2018)). The trial court sentenced him to 15

years' imprisonment and a 2-year term of mandatory supervised release (MSR). Defendant

appeals, arguing (1) his sentence is excessive and (2) he is entitled to elect sentencing under a

statutory amendment reducing the MSR term for his conviction to one year. We disagree and

affirm the court's judgment.

¶ 3                                I. BACKGROUND

¶ 4        In May 2019, defendant was charged by indictment with two counts of unlawful delivery of a controlled substance (*id.*). The State alleged defendant delivered between 1 and 15 grams of a substance containing cocaine on March 25, 2019 (count I) and on March 26, 2019 (count II). The indictment alleged each count was a Class 1 felony subject to an extended-term sentence of 4 to 30 years' imprisonment followed by a 2-year term of MSR.

¶ 5        In January 2020, defendant pleaded guilty to count I of the indictment and the remaining charge was dismissed. The parties had no agreement as to defendant's sentence. The trial court informed defendant the offense was punishable by a sentence of 4 to 30 years' imprisonment and he would be required to serve 2 years of MSR upon release from prison. As a factual basis, the State asserted on March 25, 2019, law enforcement officers arranged for a confidential source to purchase crack cocaine from defendant. The confidential source was searched prior to approaching defendant. Defendant came to the confidential source's residence. She walked out to defendant's car and returned to the residence with a white rock-like substance. After he was subsequently arrested, defendant stated he delivered the drugs for a drug dealer for a small amount of money. The substance delivered to the confidential source weighed 1.6 grams and tested positive for cocaine. After admonishing defendant as to his rights, the court accepted his guilty plea.

¶ 6        At the sentencing hearing in June 2020, defendant's mother, Joann Neal, testified defendant provided care for his father, who was seriously ill, and he did a lot of work around their house. According to Joann, defendant was a "very good father" to his 14 children, spending time with them and caring for them. Defendant also had a close relationship with his nine-year-old daughter, whose mother recently suffered an aneurism and was in a coma in a nursing home.

After defendant was incarcerated, Joann had to rely on her sister and neighbors to care for defendant's father.

¶ 7         In his statement in allocution, defendant stated his family was very important to him and he was determined to help care for his father, mother, and children. Defendant also asserted he was married recently, and he wanted to be a good husband, father, and son.

¶ 8         The State noted defendant's criminal history included six prior felony convictions, and he had served five prior prison sentences. Additionally, three other felony charges were pending against defendant. Given defendant's criminal history, the State asked for a sentence of 22 years in prison.

¶ 9         Defendant argued his criminal history consisted primarily of "property crimes, issues with interpersonal relations, [and] for violation of driving privileges." Although he had a history of substance abuse, this was his first drug offense conviction. Defendant contended his rehabilitative potential based on his remorse and his dedication to becoming a positive influence weighed in favor of probation or, alternatively, a lesser term of eight years' imprisonment.

¶ 10        The trial court cited defendant's criminal history and the need for deterrence as factors in aggravation. In mitigation, the court noted defendant's conduct did not cause or threaten serious physical harm and he took responsibility for his actions by pleading guilty. The court found defendant posed a significant risk to the community that outweighed the risk of harm to his family due to his incarceration. Weighing all the factors, the court sentenced defendant to 15 years in prison followed by 2 years of MSR.

¶ 11        Defendant filed a motion to reconsider his sentence, which the trial court denied. On appeal, the Second District entered an order vacating the judgment and remanding for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Neal*, No. 2-

20-0474 (April 5, 2021). On remand, defendant filed another motion to reconsider his sentence along with a certificate of compliance with Rule 604(d). The trial court denied defendant's motion.

¶ 12 This appeal followed.

¶ 13       II. ANALYSIS

¶ 14 On appeal, defendant argues the trial court abused its discretion in imposing his sentence. Defendant also contends his two-year MSR term should be reduced to one year based on the application of a statutory amendment enacted after he was sentenced but before the court denied his motion to reconsider his sentence.

¶ 15      A. Excessive-Sentence Claim

¶ 16 Defendant acknowledges the offense in this case was punishable by an extended-term of 4 to 30 years in prison but contends the 15-year sentence imposed by the trial court was excessive. Defendant argues the court failed to adequately consider his remorse as expressed in his statement in allocution and his guilty plea, his significant rehabilitative potential, the hardship on his family due to the lengthy term of imprisonment, and that his offense was not a crime of violence.

¶ 17 The sentence imposed by the trial court will not be reversed on appeal absent an abuse of discretion. *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494. "A sentence within statutory limits will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 20, 143 N.E.3d 794 (quoting *People v. Fern*, 189 Ill. 2d 48, 54, 723 N.E.2d 207, 210 (1999)). The trial court's sentencing decision is entitled to great deference because, "having observed the

- 4 -

defendant and the proceedings, [it] is in a far better position to consider such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment[,] and habits than a reviewing court, which must rely on a 'cold' record." *People v. Little*, 2011 IL App (4th) 090787, ¶ 24, 957 N.E.2d 102. When reviewing a sentence for excessiveness, the reviewing court will not substitute its judgment for that of the trial court merely because the reviewing court might have weighed the sentencing factors differently. *People v. Klein*, 2022 IL App (4th) 200599, ¶ 37, 203 N.E.3d 961.

¶ 18        Although the trial court was not required to expressly outline every factor it considered in sentencing defendant (*People v. Harris*, 2015 IL App (4th) 140696, ¶ 57, 32 N.E.3d 211), the court expressly stated it considered defendant's guilty plea as a mitigating factor weighing on his potential for rehabilitation. The court also noted the offense did not cause or threaten serious physical harm. The court found any hardship imposed on defendant's family by his incarceration was outweighed by the significant risk defendant posed to the community. Thus, the court expressly considered many of the factors highlighted in defendant's argument. Ultimately, the court found it could not ignore the effect of defendant's extensive criminal history on his prospects for rehabilitation and sentenced him to 15 years' imprisonment.

¶ 19        Defendant essentially asks this court to reweigh the sentencing factors, claiming a sentence closer to the statutory minimum "would be a more appropriate disposition" given the mitigating factors in this case. As noted, however, the reviewing court's role is not to reweigh the sentencing factors or substitute its judgment for that of the trial court. *Klein*, 2022 IL App (4th) 200599, ¶ 37. Instead, a reviewing court only considers whether the trial court's sentence is an abuse of discretion. *McGuire*, 2017 IL App (4th) 150695, ¶ 38. A review of the record shows the

court did not abuse its discretion in imposing a sentence in the lower half of the applicable sentencing range, particularly given defendant's extensive criminal history.

¶ 20                                      B. MSR Claim

¶ 21        Defendant argues he is entitled to elect sentencing under a statutory amendment reducing the MSR term for his offense from two years to one year, applicable to "all individuals convicted on or after the effective date" of July 1, 2021 (730 ILCS 5/5-8-1(g) (West 2022)). Although he was sentenced on June 5, 2020, defendant contends he was not "convicted" within the meaning of section 5-8-1(g) until his motion to reconsider his sentence was subsequently denied on January 4, 2023. Thus, defendant argues he was convicted after the July 1, 2021, effective date of the statutory amendment, and he may elect sentencing under the amended statute providing a one-year term of MSR for his offense. Defendant acknowledges he forfeited this issue by failing to raise it in the trial court, but he argues this court may consider it under either the plain error doctrine or as ineffective assistance of counsel for failing to raise a valid claim.

¶ 22        Generally, "a defendant forfeits appellate review of any sentencing issue not raised in the trial court in a written postsentencing motion." *People v. Lewis*, 234 Ill. 2d 32, 42, 912 N.E.2d 1220, 1226 (2009). The plain error rule permits a reviewing court to notice unpreserved errors when:

> "(1) a clear or obvious error occurs and the evidence is so closely balanced that
> the error alone threatened to tip the scales of justice against the defendant,
> regardless of the seriousness of the error, or (2) a clear or obvious error occurs
> and that error is so serious that it affected the fairness of the defendant's trial and
> challenged the integrity of the judicial process, regardless of the closeness of the

evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 410-11 (2007). The initial step in plain error review is determining whether a clear or obvious error occurred. *Id.*

¶ 23 To state a valid claim of ineffective assistance of counsel, a defendant must establish (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability of a different result absent counsel's deficient performance. *People v. Dupree*, 2018 IL 122307, ¶ 44, 124 N.E.3d 908 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A failure to satisfy either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel. *People v. Veach*, 2017 IL 120649, ¶ 30, 89 N.E.3d 366. Counsel cannot be considered ineffective for failing to raise a meritless claim. *People v. Rogers*, 2021 IL 126163, ¶ 32, 184 N.E.3d 222.

¶ 24 Defendant cannot establish either plain error or ineffective assistance of counsel if he was not entitled to elect sentencing under the amended statute. Accordingly, we begin with whether section 5-8-1(d)(2), as amended, applies to this case. When defendant was sentenced on June 5, 2020, section 5-8-1(d)(2) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(d)(2) (West 2020)), provided a two-year term of MSR for defendant's Class 1 felony offense. As noted, the statute was subsequently amended to provide for a one-year MSR term (730 ILCS 5/5-8-1(d)(2) (West Supp. 2021)). The Unified Code provides the statutory amendment reducing the MSR term from two years to one year was "effective on July 1, 2021 and shall apply to all individuals convicted on or after the effective date" (730 ILCS 5/5-8-1(g) (West Supp. 2021)).

¶ 25 This court previously construed the relevant statutory language in *People v. Lopez*, 2023 IL App (4th) 220144-U. In *Lopez*, the trial court imposed a 3-year MSR term for the

defendant's Class X felony conviction and, two days later, on July 1, 2021, the statutory amendment reducing the MSR term to 18 months for the defendant's offense went into effect. *Id.* ¶¶ 6-7. The defendant appealed, arguing he was entitled to elect sentencing under the new sentencing scheme providing the 18-month MSR term. *Id.* ¶ 12. In considering whether the defendant was "convicted on or after" July 1, 2021, this court noted section 2-5 of the Criminal Code of 2012 defined a conviction as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." 720 ILCS 5/2-5 (West 2020); *Lopez*, 2023 IL App (4th) 220144-U, ¶ 31. Section 102-14 of the Code of Criminal Procedure of 1963 defined a judgment as "an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty it includes the sentence pronounced by the court." 725 ILCS 5/102-14 (West 2020); *Lopez*, 2023 IL App (4th) 220144-U, ¶ 31. Based on those definitions, this court held the defendant was "convicted" within the meaning of section 5-8-1(g) after he was both adjudicated guilty and sentenced. *Lopez*, 2023 IL App (4th) 220144-U, ¶ 32. The amended sentencing statute did not apply to the defendant because he was sentenced two days before the statute's effective date. *Id.*

¶ 26        The *Lopez* court further stated if the trial court had granted the defendant's motion to reconsider and vacated his sentence, the amended section 5-8-1 would have applied to his resentencing because a new sentence would then be imposed. *Id.* ¶ 37. In *Lopez*, however, the trial court denied the defendant's motion to reconsider his sentence and the original judgment remained intact. *Id.* The court concluded the defendant did not have the right to elect sentencing under the amended statute because he was sentenced prior to the effective date of the amendment. *Id.* ¶ 38.

¶ 27　　　　　This court came to the same conclusion in *People v. Broadway*, 2022 IL App (4th) 210417-U. In *Broadway*, the defendant pled guilty to three Class 2 felonies and was sentenced on March 1, 2021. *Id.* ¶ 67. The defendant's sentence included the applicable two-year MSR term. *Id*. The defendant argued he was entitled to elect sentencing under the amended statute providing a one-year MSR term because his motion to reconsider his sentence was pending when the new statute took effect on July 1, 2021. *Id.* ¶ 68. This court rejected the defendant's argument, holding "where a punishment is mitigated by a new law, defendant can consent to the application of the new provision if the law becomes effective prior to his sentencing." *Id.* ¶ 72 (citing *People v. Calhoun*, 377 Ill. App. 3d 662, 664, 880 N.E. 2d 633, 635 (2007)).

¶ 28　　　　　Defendant, nonetheless, argues we should follow the Second District's reasoning in *People v. Spears*, 2022 IL App (2d) 210583. In that case, the appellate court considered the applicability of an amendment to section 5-4.5-95(b) of the Unified Code (730 ILCS 5/5-4.5-95(b) (West Supp. 2021)). *Spears*, 2022 IL App (2d) 210583, ¶ 21. Under the preamended version of the statute, the defendant was sentenced as a Class X offender for his Class 1 felony offense due to his criminal history. *Id.* (citing 730 ILCS 5/5-4.5-95(b) (West 2018)). The legislature amended the statute effective after the defendant was sentenced but before his amended motion to reconsider his sentence was resolved by the trial court. *Id*. Under the statute, as amended, the defendant would not have been subject to sentencing as a Class X offender. *Id*. After the trial court denied the defendant's amended motion to reconsider his sentence, he appealed and argued he was entitled to elect sentencing under the amended statute. *Id.* ¶ 19. The *Spears* court agreed, holding the amended statute applied because it became effective while the defendant's case remained pending in the trial court. *Id.* ¶ 29. The *Spears* court held the trial

court proceedings continued until the order was entered denying the defendant's amended motion to reconsider his sentence. *Id.*

¶ 29 The reasoning in *Spears* is inapplicable to this case for two reasons. First, in *Lopez*, this court found *Spears* "different in kind" and distinguishable because it "concerned a procedural change regarding qualifying convictions for Class X sentencing and defendant's claims here relate to an amendment mitigating a sentence of MSR." *Lopez*, 2023 IL App (4th) 220144-U, ¶ 43. *Spears* is distinguishable from this case for the same reason. Second, even if *Spears* could be applied here, this court has specifically rejected the analysis in that case. See *People v. Brown*, 2023 IL App (4th) 220400, ¶¶ 45-48, 218 N.E.3d 1190. In *Brown*, this court addressed the same issue presented in *Spears* and held the judgment was pronounced when the defendant was sentenced. *Id.* ¶¶ 50-51.

¶ 30 In sum, we find *Lopez* and *Broadway* provide a persuasive analysis of the issue presented in this appeal. Defendant was not entitled to elect sentencing under the amended section 5-8-1(d)(2), providing a one-year MSR term, because he was sentenced on June 5, 2020, and therefore "convicted" prior to the July 1, 2021, effective date of the amended statute. The amended section 5-8-1(d)(2) does not apply to this case. Defendant has not established a clear or obvious error occurred in failing to apply the amended sentencing statute, as required for review under the plain error rule. Likewise, defendant cannot establish his alternative claim of ineffective assistance of counsel because counsel cannot be found deficient for not raising a meritless claim requesting sentencing under the inapplicable amended sentencing statute.

¶ 31 III. CONCLUSION

¶ 32 For the reasons stated, we affirm the trial court's judgment.

¶ 33 Affirmed.